THOMAS FISHER, Adm'r v. CHARITY PHILIPS, *et als.*

LAPSE OF TIME. *Presumption of payment Circumstances that will rebut presumption.* One of the sureties to a note under seal, against which a presumption of payment had arisen from lapse of time, refused to sell his land, upon the ground that he was surety for a debt for his son, and that the payee of the note had agreed not to push him for the debt in his life-time, and that he feared, if he sold his land, the payee would make the money off him. And also said to another witness at a different time, that he was surety upon the note, and the payee had promised he would not push him during his, the surety's life-time.

*Held,* sufficient to rebut the presumption of payment.

FROM SMITH.

Appeal from the Chancery Court. WILLIAM G. CROWLEY, Chancellor.

W. H. DEWITT for Thomas Fisher.

S. M. FITE for Charity Phillips.

DEADERICK, J., delivered the opinion of the Court.

The bill was filed by McClellan in the Chancery Court at Carthage, March 11, 1868, to subject the land of James Phillips, to the payment of a note under seal, dated November 22, 1847, and falling due October 1, 1848, purporting to have been executed by David Phillips and said James Phillips, and witnessed by John Phillips.

James Phillips died shortly before the bill was filed, and his heirs at law were made defendants and an administrator, upon the prayer of the bill, was appointed, as provided by Statute, when, after the lapse of more than six months from the death, no one can be procured to administer.

The bill alleges that; indulgence was granted on said note to James Phillips, at his request, from time to time, and promised to pay up to within a short time before his death. Said David having left the State, insolvent, many years before.

The answer does not admit that James Phillips signed the note, and calls for proof, as his signature is made by his ⋈ mark, and his name does not purport to have been written by him. It is also insisted, that the lapse of time raises a presumption of payment, said James having always been solvent, and living in Smith County from the time of the date of the note until the time of his death.

Pending the suit McClellan died, and it was revived in the name of his administrator.

A year or two before the death of James Phillips, it is shown, that, one of his neighbors applied to him to buy a part of his land to square his adjoining field, when Phillips refused to sell it, upon the ground that he was security for a debt for his son, David, to McClellan, and that McClellan had agreed not to push him for the debt in his life-time, and that he feared if he sold his land, McClellan would make his money off him.

Another witness, who was son-in-law to James Phillips, said, that he had often heard Phillips speak of the debt due to McClellan; heard him speak of it not long before his death; he said that the debt was upon a note that his son David executed to McClellan, and upon which he was security, and that McClellan said he would not push him for the money during his, Phillips' life-time.

Both these witnesses state that John Phillips went to Virginia during the war, and was reputed to be dead, and they were unable to prove his hand-writing.

The lapse of sixteen years after a note under seal fell due, was required, at the time this note fell due, to raise a presumption of its payment.

It is a presumption, however, which may be rebutted by complainant. We are of opinion, that the admissions and acknowledgments of James Phillips, as shown in the record, sufficiently establish the fact of the execution of the note by him, of its being still unpaid, and of his liability to pay it.

The Chancellor so held, and we affirm his decree.